UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARAMAD CONLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-00454-JCS<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**Dkt. Nos. 185.** |

## I.　INTRODUCTION

On September 4, 2013, this Court entered an order denying Defendants' motion for summary judgment and granting in part and denying in part Plaintiff's motion for partial summary judgment. Dkt. Nos. 177, 184 ("Order"). Defendants have filed a request for leave to file a motion for reconsideration relating to a portion of the Court's order granting partial summary judgment in favor of Plaintiff. For the following reasons, the request for leave is DENIED.[1]

## II.　DISCUSSION

### A.　Legal Standard

In this district, parties are required to request leave prior to moving for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). Local Rule 7-9(b) specifies that a motion for leave to file a motion for reconsideration must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

> the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). The Local Rule also prohibits parties from repeating "any oral or written argument … which the party now seeks to have reconsidered[,]" and requires that sanctions be imposed on parties not in compliance with this rule. *See id.*

Rule 60(b) of the Federal Rules of Civil Procedure "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed.R.Civ.P. 60(b)).

**B.     Analysis**

Defendants request reconsideration of a small part of the Court's order relating to whether Assistant District Attorney Al Giannini made certain disclosures to Plaintiff Caramad Conley's defense counsel Donald Bergerson. With respect to this specific portion of Conley's motion, the Court noted that Conley "fail[ed] to differentiate between the specific items of evidence allegedly withheld" during his trial. Order at 60:4-5. The Court then separately addressed whether a reasonable jury could find that Giannini disclosed each item of evidence that Conley alleged had been withheld. The Court found sufficient evidence, and thus denied Conley's motion, relating to Giannini's disclosures of the benefits (including cash and protective housing) provided to Polk. Order at 60-61. The Court also found that there was no evidence from which a reasonable jury could find that Giannini disclosed to Bergerson (1) the conjugal visits, (2) the IOUs, (3) the "I still love you" letter, and (4) "the manner in which Sanders provided payments to Polk." *Id*.

Defendants' request for leave is expressly limited to the Court's conclusion that no reasonable jury could find that Giannini disclosed to Bergerson "the manner in which Sanders provided payments to Polk." *Id*. at 60:10. In the background section of the summary judgment

order, there is a subsection in which the Court discussed "Manner of Payment." *See id*. at 23-25. That subsection discussed a number of disputed facts regarding the "manner" in which Sanders provided money to Polk. When the Court held, in the section granting Conley's motion in part, that no reasonable jury could find that Giannini disclosed to Bergerson "the manner in which Sanders provided payments to Polk," the Court did not intend to include all of the facts discussed in the "Manner of Payment" subsection.

The evidence Defendants cite in their request for leave to file a motion for reconsideration demonstrates that Defendants believed the Court's holding was broader than the Court intended. The Court recognizes this was not entirely clear, and takes this opportunity to elaborate. There is no evidence from which a reasonable jury could conclude that Giannini disclosed to Bergerson the fact that Polk would page Sanders, and then the two would arrange a time for Polk to pick up cash from Sanders at the Hall of Justice. There is also no evidence from which a reasonable jury could conclude that Giannini disclosed to Bergerson the fact that Sanders placed no controls on the payments Sanders provided to Polk.

Having expressly narrowed the Court's holding, none of the five items of evidence cited by Defendants suggests that the Court should grant Defendants leave to file a motion for reconsideration. First, Defendants point to Sanders's testimony that he would tell Giannini when Polk "came by," but this testimony does not permit a reasonable jury to conclude that *Giannini told Bergerson* that Polk would "come by" the Hall of Justice after paging Sanders, and then received cash without any additional controls. *See* Chhabria Decl. Ex. EE at 178:2-14.

Second, Defendants cite testimony from Giannini. In response to the question of whether Giannini knew that Polk would page Sanders and that Sanders gave Polk a weekly amount of cash, Giannini testified: "If it existed and if I knew about it, I would have told Mr. Bergerson that Clifford Polk is still getting money from Inspector Sanders, *and I would have put it that way*." Purcell Decl. Ex. 4 at 184:16-25. By expressly qualifying his answer with the phrase "I would have put it that way," Giannini admitted to not disclosing certain details to Bergerson, including the fact that Polk would page Sanders.

Third, Defendants cite a memorandum written by a defense investigator for Paul Green

3

(which Bergerson received) that stated Polk received $40 from Sanders every Friday. *See* Chhabria Decl. Ex. P. This is not, however, sufficient evidence that Giannini disclosed to Bergerson the facts that Polk would receive money after paging Sanders and that Sanders placed no control on the money.

Fourth, Defendants cite the October 3, 1994 sidebar, where Giannini stated that he expected Bergerson to say that Polk was receiving "money" from Sanders. Chhabria Dec. Ex. H at 759-760. This comment is irrelevant to the Court's holding regarding the "manner" of payment, and rather speaks to the "fact" that Sanders gave Conley cash payments. The Court *denied* Conley's motion regarding the *fact* that Sanders gave Conley cash payments. *See* Order at 60-61.

Finally, Defendants suggest that there is evidence from which a reasonable jury could conclude that Polk was relocated prior to October 11, 1994. This was not an issue briefed by the parties, was not reached by the Court, and has nothing to do with the "manner" in which Sanders gave money to Polk.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' request for leave to file a motion for reconsideration.

**IT IS SO ORDERED**.

Dated: October 28, 2013

JOSEPH C. SPERO
United States Magistrate Judge

4